

# NUMBER 13-12-00022-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOSE MIGUEL VASQUEZ,                                          Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

### On appeal from the 107th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion Per Curiam

Appellant, Jose Miguel Vasquez, appeals from a denial of his motion for DNA testing.

We dismiss the appeal for want of jurisdiction.

The record before this court reflects that the trial court signed the order denying motion for post-conviction DNA testing on November 29, 2011, and that appellant filed his pro se notice of appeal on January 9, 2012. On January 24, 2012, appellant filed a motion to extend time to file the notice of appeal.

An appeal from a denial of a motion for DNA testing is treated in the same manner as an appeal of any other criminal matter. *See* TEX. CODE CRIM. PROC. ANN. art. 64.05 (Vernon Supp. 2005). Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.3.

Appellant's notice of appeal was due to have been filed on or before December 29, 2011. *See* TEX. R. APP. P. 26.2(a)(2). Although the notice of appeal herein was filed within the fifteen day time period, no such motion for extension of time was filed within the fifteen day time period. *See id.* 26.2(a)(2).

2

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

Accordingly, appellant's motion to extend time to file notice of appeal is DENIED and the appeal is DISMISSED FOR WANT OF JURISDICTION. Any pending motions are dismissed as moot.

PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Delivered and filed the 16th
day of February, 2012.